UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ARCH SPECIALTY INSURANCE COMPANY,**

**Plaintiff,**

v.                                                          **Case No.  6:21-cv-945-CEM-EJK**

**GRC WINDOW & DOOR, INC., AMERICAN BUILDERS SUPPLY, INC., and FOUNTAIN PARKE AT LAKE MARY RESIDENTIAL HOMEOWNERS' ASSOCIATION, INC.,**

**Defendants.**

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Judgment on the Pleadings ("Motion," Doc. 31). Defendant Fountain Parke at Lake Mary Residential Homeowners' Association, Inc.'s (the "Association") filed a Memorandum in Opposition (Doc. 35), and Plaintiff filed a Reply in Support (Doc. 38). For the reasons stated herein, the Motion will be denied.

### I.    BACKGROUND

This case is a declaratory judgment action regarding "[t]he existence and scope of [Plaintiff]'s coverage obligations" under two insurance policies issued by

Plaintiff to Defendant GRC Window & Door, Inc. ("GRC"). (Am. Compl., Doc. 12, at 3, 21). GRC and Defendant American Builders Supply, Inc. ("American") were involved in a construction project in the Fountain Parke at Lake Mary community.[1] (*Id.* at 2). On August 14, 2018, the Association filed a lawsuit in state court against American and others alleging "claimed defects and deficiencies" in the construction project. (*Id.* at 18). American "then filed a third-party complaint against GRC, among others." (*Id.* at 19).

Plaintiff filed this lawsuit, alleging twelve counts related to the issue of whether Plaintiff owes any duty to defend or indemnify the parties in the underlying state court lawsuit based on the coverage obligations in GRC's two insurance policies issued by Plaintiff. (*Id.* at 23–44). Counts I through IV request declaratory judgment on Plaintiff's duty to defend, whereas Counts V through XII request declaratory judgment on Plaintiff's duty to indemnify. (*Id.*). The Association filed an Answer (Doc. 16), including affirmative defenses, to the Amended Complaint.

Plaintiff moves for judgment on the pleadings as to Counts I and V of the Amended Complaint, which allege that Plaintiff has "no duty to defend GRC and ABS" (Count I) and that Plaintiff has "no duty to indemnify GRC and ABS" (Count V). (Doc. 12 at 23, 30; Doc. 31 at 3). The Motion is based upon a single ground: "that the damage claimed in the Underlying Action did not take place during the

---

[1] Neither GRC nor American has appeared in this action.

policy period of either Policy." (Doc. 31 at 3). Plaintiff's Reply makes clear that Plaintiff is "not seek[ing] judgment on the pleadings <u>against</u> GRC and ABS." (Doc. 38 at 4 (emphasis in original)). Rather, it seeks "judgment on the pleadings against the Association." (*Id.*).

After the Motion was filed, the Court in an Order dated April 27, 2022, dismissed Counts V through XII for lack of subject matter jurisdiction. (Doc. 40). In addition, after the Motion was filed, the Clerk entered a default against ABS and GRC. (Doc. 34).

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial— a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (citing *Bankers Ins. Co. v. Fla. Res. Prop. and Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998)). "[W]hen the plaintiff moves for judgment on the pleadings—as happened here—'the old rule obtains that the fact allegations of the answer are to be taken as true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer.'" *Cap. Specialty Ins. Corp. v. W. View Apartments, Inc.*, No. 21-11675, 2021 WL 6101663,

at *1 (11th Cir. Dec. 22, 2021) (quoting *Bass v. Hoagland*, 172 F.2d 205, 207 (5th Cir. 1949)).

### III.   ANALYSIS

Plaintiff's Motion will be denied for multiple reasons. As stated in the Motion, Plaintiff seeks judgment on the pleadings as to only Counts I and V. (Doc. 31 at 3). But Count V has been dismissed by the Court in a prior order, so this Order addresses only the appropriateness of judgment on the pleadings as to Count I. Plaintiff's Motion rests entirely on the argument that there is no dispute in the underlying state court action concerning the date on which the property damage "occurred." (*See generally* Doc. 31; Doc. 38).

As an initial matter, the Association argues that the pleadings in this matter are not closed, as required by Rule 12(c). This argument is without merit. The Association has answered Plaintiff's operative Amended Complaint, and the remaining Defendants have defaulted. In that scenario, the pleadings are considered "closed." *Gelsomino v. Horizon Unlimited, Inc.*, No. 07-80697-CIV-MARRA, 2008 WL 4194842, at *2 n.3 (S.D. Fla. Sept. 10, 2008) (findings the pleadings closed in an identical scenario). Thus, the Motion is procedurally proper.

But the Motion suffers from other, more fundamental, problems that require its denial. First, Count I of Plaintiff's operative Amended Complaint appears to seek relief only as to GRC and ABS, specifically seeking a declaration that Plaintiff has

no duty to defend those two entities. (Doc. 12 at 23). Thus, it is not entirely apparent what relief Plaintiff even seeks from the Association in Count I. And Plaintiff's Reply makes clear that its Motion is limited only to a requested declaratory judgment "against the Association." (Doc. 38 at 4). For that reason alone, the Court would not find that "there are no material facts in dispute" and judgment should be entered.

Second, and independently, Plaintiff's argument that there is no dispute as to the date on which the property damage occurred is simply not true given the operative pleadings. The Amended Complaint states that "the damage alleged in the Underlying Action did not take place during the policy periods of the Policies." (Doc. 12 at 24, 30); the Association denies these allegations. (Doc. 16 at 6, 8). And the law requires that the Court, at this stage, accept as true the allegations in the Association's Answer. *Cap. Specialty Ins.*, 2021 WL 6101663, at *1. As such, the simple denial in the Association's Answer is sufficient to defeat Plaintiff's Motion. *See, e.g.*, *Virgin Grp. Holdings Ltd. v. Energy Parametrics & Commc'ns, Inc.*, No. 10 CV 08752 BSJ THK, 2011 WL 4448943, at *1 (S.D.N.Y. Sept. 26, 2011).

Third, even if the above reasons did not exist, digging deeper into Plaintiff's argument reveals further justifications for denying the Motion. The remainder of Plaintiff's argument relies on expert reports filed in the underlying action, *i.e.*, documents that lie outside of the pleadings. As noted above, in addressing a motion for judgment on the pleadings, the Court is typically limited to "considering the

substance of the pleadings and any judicially noticed facts." *Hawthorne*, 140 F.3d at 1370. There are times that the Court might take the unconventional step of considering documents outside of the pleadings—which would normally require conversion of Plaintiff's Motion to one for summary judgment—such as where the document is "central to the plaintiff's claim[] and undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, however, the expert reports are not "central" to Count I—the only claim addressed at this time—and it is not clear that the facts contained therein are undisputed.

Specifically, Count I seeks a declaratory judgment regarding Plaintiff's duty to defend. Whether an insurer has a duty to defend "is determined by examining the allegations in the [underlying] complaint filed against the insured." *Lime Tree Vill. Cmty. Club Ass'n v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993) (citing *Nat'l Union Fire Ins. Co. v. Lenox Liquors Inc.*, 358 So. 2d 533, 536 (Fla. 1978)); *Luhman v. Covington Specialty Ins. Co.*, No. 16-20044-CIV-GOODMAN, 2017 U.S. Dist. LEXIS 29713, at *12 (S.D. Fla. Mar. 2, 2017) ("[T]he framework for analysis on a duty to defend issue is determined solely by the underlying complaint." (citation omitted)). The expert reports are outside of the underlying complaint, so they cannot be considered in conjunction with a duty-to-defend analysis, and therefore they are not central to Count I.

Plaintiff cites only one exception to the rule that the Court cannot consider matters outside of the underlying complaint when determining a duty to defend—where the "underlying complaint[] . . . omitted a reference to an uncontroverted fact that, if pled, would have placed the claim clearly outside the scope of coverage." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 785 (11th Cir. 2008). But the expert reports do not fall within this exception. It is not apparent that the facts therein are "uncontroverted," and the expert reports did not even exist at the time the underlying complaint was filed, so any purported facts from the expert reports could not have been omitted from the underlying complaint at the time it was filed.

In sum, Plaintiff has not established that the expert reports constitute an exception to the rule that the Court can only consider the underlying complaint when determining a duty to defend. As such, Plaintiff has not established that the expert reports are central to Count I, which in turn, means that Plaintiff has failed to show that the Court can consider the expert reports, as documents outside of the pleadings, on a motion for judgment on the pleadings.

For all of these reasons, the Court must deny the Motion.

## IV.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Judgment on the Pleadings (Doc. 31) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 2, 2022.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record